**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JINRONG YU, | No. 07-72285 |
| Petitioner, | Agency No. A095-449-877 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 16, 2010 [**]

Before: TASHIMA, BERZON, and CLIFTON, Circuit Judges.

Jinrong Yu, a native and citizen of China, petitions for review of an order of

the Board of Immigration Appeals ("BIA") dismissing his appeal from an

immigration judge's decision denying his application for withholding of removal

and relief under the Convention Against Torture ("CAT").  We have jurisdiction

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

under 8 U.S.C. § 1252. When the BIA cites *Matter of Burbano*, 20 I. & N. Dec. 872 (BIA 1994), and does not express disagreement with any part of the immigration judge's decision, the BIA adopts the immigration judge's decision in its entirety and we review that decision. *See, e.g.*, *Joseph v. Holder*, 600 F.3d 1235, 1239–40 (9th Cir. 2010). We review factual findings for substantial evidence. *See, e.g.*, *Zehatye v. Gonzales*, 453 F.3d 1182, 1184–85 (9th Cir. 2006). We grant the petition for review and we remand.

Yu credibly testified that Chinese authorities arrested and detained him for five days because of his Falun Gong activities. During the detention, Yu received one meal each day, and his captors beat him with an electric baton, resulting in pain and injury that required medical attention. Yu also credibly testified that since his departure from China, police have contacted his wife and threatened to arrest him if he returns to China. The BIA found that Yu established a nexus between his Falun Gong practice and his mistreatment by Chinese authorities, but did not address whether Yu suffered past persecution. We remand for the agency to consider that question in the first instance. *See INS v. Ventura*, 537 U.S. 12, 18 (2002) (per curiam).

The BIA determined that Yu failed to establish eligibility for withholding of removal because Yu's family in China did not experience prolonged scrutiny or

continuing harm on account of Yu's practice of Falun Gong, as did the petitioner's family in *Zhang v. Ashcroft*, 388 F.3d 713 (9th Cir. 2004). Substantial evidence does not support this determination. Yu, unlike the petitioner in *Zhang*, is not similarly situated to his family members. *See Zhao v. Mukasey*, 540 F.3d 1027, 1031 (9th Cir. 2008) ("[T]he well-being of others who have stayed behind in a country is only relevant when those others are similarly situated to the petitioners.").

Accordingly, we grant the petition for review as to Yu's withholding-of-removal claim and remand. *See Zhou v. Gonzales*, 437 F.3d 860, 870–71 (9th Cir. 2006); *Zhang*, 388 F.3d at 718–21; s*ee also Zhao*, 540 F.3d at 1030 & n.3 (concluding, in the asylum context, that the petitioners were eligible for asylum where they were arrested and physically abused during their detention, and where authorities had identified them as Falun Gong adherents and had shown continuing interest in them).

We also grant the petition for review as to Yu's CAT claim and remand for the agency to reconsider the claim in light of all the evidence in the record, including the country reports. *See Aguilar-Ramos v. Holder*, 594 F.3d 701, 705 n.6 (9th Cir. 2010).

**PETITION FOR REVIEW GRANTED; REMANDED.**